UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-01867-SEP |
| | ) |
| THE GAP INC. and OLD NAVY, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Stay Proceedings Pending Final Approval of Settlement in a Parallel Action. Doc. [41]. The Motion is fully briefed. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

Plaintiff Hennessey filed this action in the Eastern District of Missouri on July 1, 2019, alleging that Defendants market their merchandise to the public by making false and misleading price comparisons, in violation of the Missouri Merchandising Practices Act. Doc. [1]. On March 3, 2021, Defendants moved for a stay pending the approval of a proposed nationwide settlement in the Superior Court of the State of California, *Anastasha Barba, James Andrews, Anna Nemykina and Brenda Tripicchio, on behalf of themselves and all others similarly situated v. Old Navy, LLC, Old Navy (Apparel), LLC, Old Navy Holdings, LLC, GPS Services, Inc., and The Gap, Inc.*, No. CGC-19-581037 (Cal. Super. Ct.) [hereinafter *Barba*]. Doc. [41]. The proposed nationwide settlement suggests the following class:

> All United States citizens who made one or more purchases in store at an Old Navy Store or Old Navy Outlet Store located in the United States or online from the Old Navy website between July 1, 2014 and the date of entry of the Preliminary Approval Order.

Doc. [42-1] at 4. Plaintiff opposes the Motion to Stay. *See* Doc. [43]. On April 28, 2021, the parties notified the Court that Hennessey had intervened in *Barba* and was granted the right to conduct discovery. Doc. [47]. Hennessey has met and conferred with the other parties about

1

discovery, and they have set a scheduling conference to discuss a motion to amend the complaint and preliminary approval of the settlement. *Id.*

## LEGAL STANDARD

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979 ) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)); *see Carlisle v. Emerson Elec. Co.*, 2021 WL 833993, at *1 (E.D. Mo. Mar. 4, 2021); *Contracting Nw, Inc. v. City of Fredricksburg*, 713 F.2d 382, 387 *(*8th Cir. 1983) (noting that a district court has "inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). "Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (internal quotation marks omitted); *see also Advanced Internet Techs., Inc. v. Google, Inc.*, Nos. C-05-02579 RMW, C-05-02885 RMW, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (granting stay of two federal putative class action lawsuits pending the resolution of a substantially similar class action in state court in which settlement negotiations were ongoing); *Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (granting a stay pending settlement in parallel action); *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008) (granting stay pending final approval of settlement of action involving similar putative classes and claims); *Schwarz v. Prudential-Bache Sec., Inc.*, Civ. A. No. 90-6074, 1991 WL 137157, at *1 (E.D. Pa. July 19, 1991) (granting stay where parties in class action of which plaintiff was potential member had "reached an agreement in principle to settle all claims that class members may have"). When deciding whether to stay an action, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 244.

## DISCUSSION

Defendants argue that the claims in *Barba* encompass Hennessey's claims, and staying the case will "encourage the preservation of resources, promote judicial economy and efficiency,

and prevent . . . conflicting rulings and overlapping litigation and settlement classes." Doc. [41] at 1. They contend that, because settlement of the *Barba* case would have a material impact on Hennessey's claims, to proceed with the present action would be a waste of judicial resources. The Court agrees. *See Ali*, 2014 WL 819385, at *3 (staying a case pending resolution of nationwide settlement, noting that the stay "may avoid an unnecessary waste of the Court's and the parties' resources"); *Packer v. Power Balance, LLC*, No. 11-802 (WJM), 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2011) (granting a stay pending a nationwide settlement because "it would be a waste of judicial resources for this Court to consider the merits of Plaintiff's Complaint at the same time that [another judge] is considering the nationwide settlement . . . .").

In addition to wasting judicial resources, Defendants argue that to proceed in both lawsuits would prejudice them due to the costs of duplicative litigation, especially for "repeated motion practice and discovery." Doc. [42] at 3. While the general burden of litigation itself is not prejudicial, the Court notes that Defendants' burden will be significantly increased by Plaintiff intervening and conducting discovery in *Barba*. If the stay is denied, not only would Defendants have to engage in litigation that could be obviated by *Barba*, but they likely would be forced to produce *identical* discovery in the two actions. *See In re JP Morgan Chase LPI Hazard Litig.*, No C-11-03058 JCS, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) ("A stay is in the interest of judicial economy because a settlement in [an overlapping case] would obviate any further litigation of issues . . . . A stay will allow both parties to converse their resources should a settlement in [the overlapping case] be finalized.").

The putative class of plaintiffs here will not be unfairly prejudiced by the stay because this case is still in its early stages and Hennessey is now a party to *Barba*. *See* Doc. [40] (amended case management order). Hennessey can pursue any concerns about the potential fairness of the proposed settlement as an intervening plaintiff in that case. Courts "routinely" stay cases pending nationwide settlements in which a plaintiff is a potential class member, and Hennessey is not only a member of the proposed *Barba* nationwide class, but she is a party to the action. *See In re HSBC Bank,* 99 F. Supp. 3d 288 at 315; *see, e.g.*, *Ali*, 2014 WL 819385, at *3 (listing cases where courts stay actions pending proposed nationwide settlements). Hennessey is actively litigating her claims in the California court. *See* Docs. [47] ¶ 1; [47-1] at 4. If the California court disapproves the proposed settlement, Hennessey can lift the stay and litigate her claims before this Court. If that occurs, the fact that identical discovery has been conducted in

*Barba* will lighten the discovery burden in this action and mitigate any harm caused by the delay from the stay. The Court finds that any possible harm from such delay is outweighed by the greater likelihood that duplicative litigation would impose unnecessary burdens on both the Court and the parties. The Court therefore finds it appropriate to stay this action pending approval or disapproval of *Barba's* proposed nationwide settlement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings Pending Final Approval of Settlement in Parallel Action is **GRANTED**. Doc. [41]. This matter is stayed pending the California Superior Court's decision in *Barba*, No. CGC-19-581037. The parties shall notify the Court within fourteen (14) days of approval or disapproval of the proposed settlement in *Barba*.

Dated this 29th day of June, 2021.

*/s/ Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE