UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL HENNESSEY, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:19-cv-01867-SEP ) |
| THE GAP, INC. and OLD NAVY, LLC, | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss.  Doc. 54.  The Motion is fully briefed and ready for disposition.  For the reasons set forth below, the Motion is granted.

#### FACTS AND BACKGROUND

This is a putative class action brought under the laws of the State of Missouri pursuant to the Class Action Fairness Act of 2005.  Plaintiff Jill Hennessey alleges that Defendants The Gap and Old Navy violated the Missouri Merchandising Practices Act (MMPA) by making false and misleading price comparisons in connection with the advertisement and sale of their merchandise. Doc. 26 ¶ 2.  Plaintiff alleges that she purchased numerous products at advertised discount prices at "one or more Gap and Old Navy retail stores" in Missouri, *id.* ¶¶ 9, 32, 37, 40, 45, and seeks to represent herself and a putative class of similarly situated Missouri purchasers who, within five years prior to the date of filing, purchased products from Defendants at prices that purported to be discounts of 20% or more, *id.* ¶ 49.

As many stores do, Defendants sell products at "regular" prices and at discounted "sale" prices.  According to Plaintiff, the sale prices that Defendants advertised for many of their products were deceptive, because Defendants did not sell a substantial quantity of those products at the regular price for a substantial period of time prior to selling them at the sale price.  *Id.* ¶ 3.  She further alleges that, "through their use of fictitious and unsubstantiated former price comparisons, Defendants intentionally and/or negligently misrepresented and/or failed to disclose material information concerning the actual value

1

or worth of the products they sold to Plaintiff and the Class." *Id.* ¶ 29.  Plaintiff claims that by advertising the sale prices in comparison with the illusory former prices, Defendants "represent[ed] that consumers can buy products . . . on 'sale' and at a substantial discount from their advertised former price," *id.* ¶ 3, and "intended to induce Plaintiff and members of the Class to purchase products in quantities and/or at prices at which they would not otherwise have agreed." *Id.* ¶ 29.  Plaintiff also alleges that, in addition to their comparative pricing scheme, Defendants offer "a constant array of promotions, such as store-wide sales, coupons, and other discounts, such that the average actual selling price (and therefore the market value) of each item is often *less* than the advertised 'sale' price." *Id.* ¶ 27.  Plaintiff claims that as a result of Defendants' misleading advertising practices, she and the putative class members did not receive the benefit of the bargain that Defendants promised them, because the products they purchased from Defendants did not have the higher value that Defendants allegedly represented they had.  *Id.* ¶ 3.

The Amended Complaint details three specific transactions and includes at least 21 items that Plaintiff purchased during the putative class period, such as:  a blouse with a regular price of $15.29 and a sale price of $9.17, *id.* ¶ 32; a tank-top with a regular price of $4.99 and a sale price of $2.49, *id.* ¶ 37; and a crew-neck T-shirt with a regular price of $14.99 and a sale price of $7.49, *id.* ¶ 41.  Plaintiff alleges that she "is now informed and believes . . . that all of the alleged former prices were false and misleading . . . because they did not represent . . . actual, bona fide prices" as required by Missouri law.  *Id.* ¶ 44.  She also alleges that she "is further informed and believes that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former prices and may have even been less than the discounted prices that she paid." *Id.* ¶¶ 44, 28.

Based on the foregoing allegations, the Amended Complaint brings two counts:

**Count I:  unlawful practices in violation of the MMPA;**
**Count II:  unjust enrichment.**

*Id.* at 21-27.

In their Motion to Dismiss, Defendants argue that The Gap should be dismissed as a party because Plaintiff fails to allege a specific transaction with The Gap; Count I should be dismissed because Plaintiff fails to allege an ascertainable loss under the benefit-of-the-

2

bargain rule; and Count II should be dismissed because Plaintiff received what she intended to purchase. Doc. 55 at 1. Because the Court finds that Counts I and II should be dismissed, the Court does not consider Defendants' argument regarding the individual dismissal of The Gap.

### LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of the complaint are true, *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), and draws all reasonable inferences in the non-movant's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citation omitted).

Although Plaintiff brings only state law claims, because she filed her action in federal court, the federal pleading standards of the Federal Rules of Civil Procedure apply. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013); *In re Baycol Prods. Litig.*, 616 F.3d 778, 786 (8th Cir. 2010). The sufficiency of a complaint is ordinarily tested by the general pleading standard of Federal Rule of Civil Procedure 8. All claims "grounded in fraud," however, must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015) (citations omitted).

Plaintiff's claims are both grounded in fraud. The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020. "The Eastern and Western Districts of Missouri have consistently held that Rule 9(b) applies to MMPA cases." *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 666 (E.D. Mo. 2020); *accord Blake v. Career Educ. Corp.*, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009) (collecting cases); *see also Lavender v. Wolpoff & Abramson, L.L.P*, 2007 WL 2507752, at *2 (W.D. Mo. Aug. 30, 2007) ("Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims." (quoting *Courchene v. Citibank N.A.*, 2006 WL 2192110 (W.D. Mo. Aug. 1, 2006))). Rule 9(b) applies to Plaintiff's unjust enrichment claim because it is based on the same alleged misrepresentations as her MMPA claim. Doc. 26 ¶¶ 75-77;

3

*see Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp. 3d 1001, 1013 n.8 (D. Minn. 2017) (applying Rule 9(b) to unjust enrichment claim because it relied on the same misrepresentations that formed the basis of the plaintiff's fraud claims) (citation omitted); *OrthoAccel Technologies, Inc. v. Devicix, LLC*, 2015 WL 4563134, at *6 (D. Minn. July 29, 2015) ("When allegations of fraud underlie an unjust enrichment claim, Rule 9(b)'s heightened pleading standards are applicable.") (citation omitted).

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party *must* state with particularity the circumstances constituting fraud or mistake." "Rule 9(b) is a pleading *requirement*," 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (4th ed. 2022) (emphasis added), not an affirmative defense or objection that a defendant must raise, *see* Fed. R. Civ. P. 8(c) (listing affirmative defenses that "a party must affirmatively state" in order to avoid waiver). When considering a motion under Rule 12(b)(6), a court may raise Rule 9(b)'s heightened pleading standard *sua sponte*. *See Northern Bottling Co., Inc. v. Henry's Foods, Inc.*, 474 F. Supp. 3d 1016, 1027-28 (D.N.D. 2020) (applying Rule 9(b) to a claim even though the defendant contended only that the allegations failed to satisfy Rule 8); *MPC Containment Sys., Ltd. v. Moreland*, 2006 WL 2331148, n. 1 (N.D. Ill. Aug. 10, 2006) ("Although not raised by the parties, we raised the issue of heightened pleading *sua sponte* because specificity is required not only for adequate notice, but also in order for the court to address the sufficiency of the claims that fall within the context of misrepresentations . . . ."); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) ("While COE did not raise the issue of heightened pleading requirements in its motion, it is [the court's] prerogative to do so *sua sponte*.").

To satisfy Rule 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). In essence, a plaintiff must plead the "who, what, where, when, and how" of the circumstances constituting fraud. *Ascente Bus. Consulting, LLC v. DR myCommerce*, 9 F.4th 839, 845 (8th Cir. 2021) (citations omitted).

4

Even when Rule 9(b) applies, "it does not render the general principles set forth in [Rule 8] entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with each other." Wright & Miller, *supra*, § 1298. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The issue in considering a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly,* 550 U.S. at 556.

**DISCUSSION**

**I.      Count I:  Missouri Merchandising Practices Act**

Plaintiff claims that she was injured by Defendants' comparative pricing scheme, which she alleges was deceptive and unlawful under the MMPA. Doc. 26 ¶¶ 2, 3, 8, 28, 32-45, 62-73. Defendants argue that even if their pricing scheme violated the MMPA,[1] it did not cause Plaintiff to suffer any ascertainable loss. Doc. 55 at 5. The Court agrees with Defendants.

Under the MMPA, any "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.1. Engaging in an unlawful practice with the intent to defraud is a class E felony. Mo. Rev. Stat. § 407.020.3. Thus, understandably,

---

[1] Defendant has not conceded this fact and "would contest the factual allegations" related to whether its actions were unlawful under the MMPA if this case were to proceed on the merits. Doc. 55 at 9 n.2.

5

violations of the MMPA are enforced by "each prosecuting attorney and circuit attorney in their respective jurisdictions," as well as "the attorney general." Mo. Rev. Stat. § 407.020.4. Alternatively, whenever it appears that a person has engaged in an unlawful practice, the attorney general may "issue . . . an order prohibiting such person or persons from engaging or continuing to engage in" that unlawful practice. Mo. Rev. Stat. § 407.095.1. Once such an order has issued, if that person continues to violate the order, that person "is guilty of a class E felony." Mo. Rev. Stat. § 407.095.3.

The MMPA also provides private litigants with a statutory right to bring a civil action for damages. *See* Mo. Rev. Stat. § 407.025. But while the government may establish criminal liability for an unlawful practice based solely on a company's deception and intent to defraud, to state a private civil claim for damages under § 407.025, a plaintiff must allege sufficient facts to establish that she: (1) purchased merchandise, (2) primarily for personal or household purposes, and (3) suffered an ascertainable loss, (4) as a result of an act made unlawful by the MMPA. *See* Mo. Rev. Stat. § 407.025.1(1); *Hennessey v. Kohl's Corp.*, 2020 WL 870982, at *3 (E.D. Mo. Feb. 21, 2020) (collecting cases). The plaintiff must also establish:

> (a) That [she] acted as a reasonable consumer would in light of all circumstances;
>
> (b) That the method, act, or practice declared unlawful by section 407.020 would cause a reasonable person to enter into the transaction that resulted in damages; and
>
> (c) Individual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

Mo. Rev. Stat. § 407.025.1(2).

To determine whether a plaintiff has suffered an ascertainable loss, Missouri courts employ the benefit-of-the-bargain rule. *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014) (citing *Polk v. KV Pharm. Co.*, 2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011) (citing *Sunset Pools of St. Louis, Inc. v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994))). Under the benefit-of-the-bargain rule, "the plaintiff can recover 'the difference between the value of the product as represented and the actual value of the product as received.'" *Goldman*, 501 F. Supp. 3d at 668 (quoting *Thompson*, 993 F. Supp. 2d at 1012); *see also Kohl's Corp.*, 2020 WL 870982, at *3 ("The proper measure of damages . . .

6

is 'the difference between the actual value of the property at the time of the sale and what its value would have been if the representations had been true, for the purchaser is entitled to the full benefits of her bargain.'" (quoting *Kendrick v. Ryus*, 123 S.W. 937, 939 (Mo. 1909))); *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 86 (Mo. banc 1989) (citing *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988) and *Rosenblum v. Jacks or Better of America West*, 745 S.W.2d 754, 764 (Mo. Ct. App. 1988) ("In Missouri, a victim of fraud has two options—he can return what he purchased and get his money back (recission), or keep what he purchased and sue for damages measured as the difference between its value as represented and its true value as of the date of purchase (benefit of the bargain).")).

Plaintiff alleges that the actual value of the products she received was less than the value of the products as represented. *See* Doc. 26 ¶ 28. Plaintiff claims that Defendants sold products that were represented to have a higher value, based on their displayed former prices, at discounted sale prices, but that Defendants never actually sold those products at the former prices. For example, Plaintiff alleges that she purchased a crew-neck T-shirt, which Old Navy represented as selling for a former price of $14.99, at a sale price of $7.50, Doc. 26 ¶ 41, but that Old Navy never actually sold that T-shirt for $14.99, *see id.* ¶¶ 26, 28, 30, 44. Plaintiff argues that, because she did not receive the value represented by Defendants' displayed former prices, she did not receive the benefit of her bargain and thus suffered an ascertainable loss. Doc. 63 at 7.

Defendants argue that a comparative price is not an objective representation of value, Doc. 55 at 6-9; that the former price is irrelevant to the product's value at the time of purchase, *id.* at 10-11; that the products Plaintiff received were as valuable as represented because, for example, even if the T-shirt's actual value were only $7.49 (and not $14.99), Defendants charged only $7.49 for it, *id.* at 6, 8-9; and that Plaintiff seeks to impose the "impossible requirement" that Defendants "not only convey a [T-shirt], but also the intangible concept of a discount," *id.* at 9. Defendants thus argue that Plaintiff got what she paid for: a $7.49 T-shirt for $7.49. The Court agrees.

The benefit-of-the-bargain rule poses a simple question: Was a product's actual fair market value less than what the seller represented its value to be at the time of sale? *See Kohl's Corp.*, 2020 WL 870982, at *3 (quoting *Kendrick*, 123 S.W. at 939). If the actual value was less than the represented value, then the buyer suffered an ascertainable loss. *Id.* For

7

example, if the aforementioned T-shirt's represented value was $14.99, and its actual fair market value was $7.49, then Plaintiff suffered an ascertainable loss equal to the difference (i.e., $7.50).  If the T-shirt's represented value was $7.49, and its actual value was $7.00, then Plaintiff also suffered an ascertainable loss.  But if the T-shirt's represented value was $7.49, and the actual value was $7.49, then Plaintiff suffered no loss.  Thus, to survive Defendants' Motion to Dismiss, Plaintiff must have alleged facts that, if true, demonstrate that the Defendants' products' represented values were less than their actual values.  *See Twombly,* 550 U.S. at 556; *Iqbal*, 556 U.S. at 678.  The Amended Complaint fails to allege such facts.

"Fair market value is the price at which . . . property [will] change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." *Connelly v. Department of Treasury, Internal Revenue Service*, 2021 WL 4281288, at *12 (E.D. Mo. Sept. 21, 2021) (internal quotation marks and citation omitted); *see also Turner v. Shalberg*, 70 S.W.3d 653, 659 (Mo. Ct. App. 2002) ("Fair market value . . . means the price which property will bring when it is offered for sale by an owner who is willing but under no compulsion to sell and is bought by a buyer who is willing or desires to purchase but is not compelled to do so.") (internal quotation marks and citations omitted).

Defendants' products had represented values equal to their displayed sale prices. The Amended Complaint alleges that Defendants' products' labels bore two prices, a higher former price and a lower sale price.  At the time of sale, with all objective characteristics of the products available to the purchaser for inspection, the lower sale price was the price at which Defendants were willing to sell each product.  Therefore, regardless of any other price listed, Defendants represented each product as having a value equal to the lower sale price.[2]  *See Connelly*, 2021 WL 4281288, at *12; *Turner*, 70 S.W.3d at 659.  So, continuing

---

[2] *See Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 11-12 (1st Cir. 2017) (dismissing claim based on the purchase of a sweater labeled with a "compare at" price tag, because the plaintiff—who, "relying only on inferences she drew about the quality of the sweater based on the 'Compare At' price tag," bought the sweater because she subjectively believed it "was worth more than the price" it was being sold for—"identifie[d] no objective injury traceable to the purchased item itself—for example, that the sweater was poorly made or that its materials were misrepresented"; and rejecting plaintiff's "argument that the 'compare at' price tag was a false representation that the

8

with the above example, Defendants represented the T-shirt's value to be $7.49 because that was the price at which they were willing to sell it on that day. *See Connelly*, 2021 WL 4281288, at *12. Any displayed former price (in the example, $14.99) was irrelevant to the products' represented value *at the time of sale*.

The Amended Complaint advances two alternative theories of each product's actual market value. First, Plaintiff alleges that each product she and the class received had "a market value that was, at the time of purchase, significantly below the advertised former comparison price and, in many cases, *equal to . . . the prices* [*Plaintiff and the class members*] *paid* to purchase those items." Doc. 26 ¶ 28. For the reasons discussed below, that allegation is insufficient to satisfy Rule 9(b). But assuming that it were properly alleged and assumed to be true, it would mean that Defendants' products had actual values equal to or greater than their sale prices. Returning to the above example, on the Amended Complaint's first theory of actual value, the T-shirt had an actual value of $7.49 or more. Because the represented value ($7.49) and the lowest possible actual value ($7.49) of the product were the same, Plaintiff cannot have suffered any ascertainable loss on that theory.

But elsewhere the Amended Complaint alleges that Defendants' products had actual market values that were *less* than the *sale* prices. Doc. 26 ¶¶ 28, 44. Using the same example, that would mean the actual market value of the T-shirt was equal to or less than $7.48. If that were true, then Plaintiff would indeed have suffered an ascertainable loss by paying $7.49 for the shirt. *See Goldman*, 501 F. Supp. 3d at 668 (quoting *Thompson*, 993 F. Supp. 2d at 1012); *Kohl's Corp.*, 2020 WL 870982, at *3 (quoting *Kendrick*, 123 S.W. at 939). But Plaintiff's allegations are insufficient to sustain that claim.

According to the Amended Complaint: "Plaintiff and the members of the Class receive[d] products that, based on actual, historical selling prices, ha[d] a market value that was, at the time of purchase, significantly below the advertised *former* price and, in many cases, . . . *below the prices they paid*," *id.* ¶ 28 (emphasis added); and "Plaintiff is . . . *informed*

---

sweater was of 'high quality,' because [she] did not explain why the sweater was not of high quality in any objective way"); *Belcastro v. Burberry Ltd.*, 2017 WL 744596, at *1, *3 (S.D.N.Y. Feb. 23, 2017) (dismissing claim based on products labelled with a former price where plaintiff "did not allege . . . that he overpaid for any of the shirts or that the shirts were objectively different in any measurable way from what he believed he was purchasing," because the plaintiff's injury was "based on the subjective value assigned to a missing bargain").

9

*and believes* that . . . the actual fair market value of each item at the time of her purchase . . . *may* have even been *less than the discounted prices* that she paid," Doc. 26 ¶ 44 (emphasis added). Those allegations "appear to be made on the basis of information and belief, which is permitted under Rule 9(b) only when 'the facts constituting the fraud are peculiarly within the opposing party's knowledge' or 'the allegations are accompanied by a statement of facts on which the belief is founded.'" *Goldman*, 501 F. Supp. 3d at 669 (quoting *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009)).

Courts in this district have found similar allegations insufficient to meet Rule 9(b) where, as here, the plaintiff failed to provide the information on which the plaintiff's belief was founded. *See id.* at 669-70; *Kohl's Corp.*, 2020 WL 870982, at *4-*5 (finding it conclusory and speculative to allege: "Plaintiff is **further informed and believes** that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former price **and may have even been** less than the so-called 'sale' price."). Plaintiff fails to provide any particular fact demonstrating that, at the time of sale, the actual fair market value of Defendants' products was less than the displayed sale price. As the allegations at issue relate to the products' actual market value, rather than their represented value, none of the supporting facts would be peculiarly within the Defendants' possession. *See*, *e.g.*, *Goldman*, 501 F. Supp. 3d at 670 (dismissing similar allegations where, as here, plaintiff failed to conduct any meaningful pre-suit investigation that might have revealed at least some relevant facts). Therefore, Plaintiff's allegations supporting her second theory of actual value fail to satisfy the particularity requirement of Rule 9(b).

On neither of Plaintiff's alternative theories of actual value has she successfully alleged facts that, if true, demonstrate that the products' represented values were less than their actual fair market values. Nevertheless, Plaintiff argues that this Court should find that she has successfully alleged such facts, because two other decisions of this Court have already done so. *See* Doc. 63 at 4 ("[T]wo separate courts in this district have recently analyzed this precise issue, and *both* agreed that victims of a false price-comparison advertising scheme suffer an ascertainable loss.") (citing *Kohl's Corp.*, 2020 WL 870982, at *4; *Goldman*, 501 F. Supp. 3d at 669). Plaintiff mischaracterizes those decisions.

10

In *Hennessey v. Kohl's Corporation*—which notably involved the same plaintiff as this case—the Court stated:

> Defendants' argument that plaintiff alleged she purchased products for prices she was willing to pay, because she paid them, misses the point. Plaintiff alleges the products she purchased were worth less than defendant's advertising evaluated them. If the actual values of the items were less than as advertised, plaintiff did not receive the benefit of her bargains and she suffered an ascertainable loss.

*Kohl's Corp.*, 2020 WL 870982, at *4. That is merely a statement of the benefit-of-the-bargain rule. The Court did not actually hold that the plaintiff had successfully pled ascertainable loss. Rather, the Court found that the plaintiff's claims failed to satisfy Rule 9(b) because she failed to allege the products' values with particularity.

Likewise, in *Goldman*, the Court explained: "Goldman has alleged that she purchased items that were worth less than advertised. Assuming that this is true, then Goldman did not receive the benefit of her bargains under the MMPA." 501 F. Supp. 3d at 669. Again, that is merely a reiteration of the benefit-of-the-bargain rule, and again, the Court did not actually find that Goldman had successfully pled ascertainable loss.[3] *Id.* Rather, it dismissed Goldman's claims because her "conclusory allegations regarding the actual values of the items [she] purchased," "d[id] not satisfy the Rule 9(b) standard." *Id.* Thus, the Court is not persuaded that its holding in this case contradicts the holdings in *Hennessy v. Kohl's Corporation*, 2020 WL 870982, at *3-*5, or *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d at 668-70.

Because the allegations in the Amended Complaint fail to establish that the actual market values of the products that Plaintiff received were lower than represented values of those products, Plaintiff fails to allege an ascertainable loss and consequently fails to state an MMPA claim upon which relief may be granted. This Court thus "joins a growing number of courts, in finding that complaints based solely on a plaintiff's disappointment

---

[3] Even if the Court had held that Goldman's allegations made out a viable claim under the MMPA, that holding would not necessarily vindicate Plaintiff's allegations this case. *Goldman* involved an outlet store, which sold products represented to be the same as, or of the same quality as, products sold by the same company in retail stores. *Id.* at 665. Goldman alleged that the company manufactured inferior products specifically to sell in its outlet stores and never actually sold those products in retail stores. *Id.* A holding that those facts are sufficient to support an ascertainable loss under the MMPA would not entail that Plaintiff's allegations in this case must be as well.

over not receiving an advertised discount at the time of purchase has not suffered an ascertainable loss . . . ." *Robey v. PVH Corp.*, 495 F. Supp. 3d 311, 321 (S.D.N.Y. 2020) (internal quotation marks and citations omitted) (collecting cases); *see Shaulis*, 865 F.3d at 11 (dismissing a similar claim where the plaintiff alleged that she "suffered a legally cognizable injury because she was induced to make a purchase she would not have made, but for the false sense of value created by Nordstrom's pricing scheme," because the plaintiff failed to show any actual injury separate from the alleged deception itself).[4]

## II.     Count II:  Unjust Enrichment

To state a claim for unjust enrichment under Missouri law, a plaintiff must allege sufficient facts to establish:  "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable." *Almat Builders & Remodeling, Inc. v. Midwest Lodging, LLC*, 615 S.W.3d 70, 80 (Mo. Ct. App. 2020) (emphasis added).  The first two elements are apparently not in dispute.  As to the third element, the Amended Complaint alleges that "it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the Class in light of the fact that the products that Plaintiff and the Class purchased from Defendants did not have the higher value or worth that Defendants represented they had through their false former price comparisons."  Doc. 26 ¶ 77.

Defendants argue that Plaintiff's claim for unjust enrichment should be dismissed because "there can be no unjust enrichment if the parties receive what they intended to

---

[4] *See also Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017) ("Gerboc suffered no loss" because "[h]e got what he paid for:  a $27 item that was offered as a $27 item and that works like a $27 item."); *Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010) (dismissing similar claim based on an alleged consumer protection violation—wherefrom "actual loss may occur if the seller's deception deprives the plaintiff of the benefit of her bargain by causing her to pay more than the actual value of the property"—because the plaintiffs failed to sufficiently allege that the clothing they purchased "was defective or worth less than what they actually paid," and thus "got the benefit of their bargain and suffered no actual pecuniary harm"); *Belcastro*, 2017 WL 744596, at *6 (dismissing a similar "But-I-Thought-I-Was-Getting-A-Bargain" claim); *Johnson v. Jos. A. Bank Clothiers, Inc.*, 2014 WL 4129576 (S.D. Ohio Aug. 19, 2014) (dismissing a similar claim "based on a theory of loss of the benefit of the advertised bargain," which was "measured by calculating the difference between the value of property as it was represented to be and its actual value at the time of its purchase," because the complaint failed to allege "actual injury or damages as a result of the alleged [consumer protection] violation" (quotation marks and citations omitted)).

12

obtain," Doc. 55 at 13 (quoting *Am. Standard Ins. Co. of Wisconsin v. Bracht*, 103 S.W.3d 281, 293 (Mo. Ct. App. 2003)). According to Defendants, they were not unjustly enriched because Plaintiff "voluntarily entered into transactions with Defendants and received the goods bargained for at their advertised current prices." Doc. 55 at 14.

Plaintiff's unjust enrichment claim rests on the same foundation as her MMPA claim. The premise of both is that she suffered a loss, and Defendants were correspondingly unjustly enriched, when she did not receive products that were "worth the higher amounts represented by Defendants' baseless reference prices." Doc. 63 at 13. Thus, in defense of her unjust enrichment claim, she once again argues that her allegation that the value of Defendants' products was less than their advertised reference prices must be taken as true, and that it demonstrates that she suffered a loss. Doc. 63 at 14 (citing Doc. 26 ¶¶ 74-77). Plaintiff is once again mistaken, and for two reasons.

First, as explained above, the Court does not have to accept as true allegations that are conclusory, *see* Fed. R. Civ. P. 8(a)(2), *Iqbal*, 556 U.S. at 678, *Twombly*, 550 U.S. at 555, 570, or unsupported by any particularized facts, *see* Fed. R. Civ. P. 9(b), as Plaintiff's are. *See* Wright & Miller, *supra*, § 1298 ("[Rule 8(a)(2) and Rule 9(b)] must be read in conjunction with each other.").

Second, even if it were properly pled, the fact that the value of a purchased product was less than a former price would not support an unjust enrichment claim, because a former price is irrelevant to whether a seller was unjustly enriched by the price someone paid today. The actual fair market value of a product is the price at which a seller is willing to sell it and a buyer is willing to buy it. *See Connelly*, 2021 WL 4281288, at *12; *Turner*, 70 S.W.3d at 659. Plaintiff concedes that the actual values of the products were equal to the prices she paid. Doc. 63 at 14 (citing Doc. 55 at 18) ("Defendants appear to agree with Plaintiff . . . [that] the actual value of each item was *equal to* its purchase price—i.e., a product sold for $7.49 is worth $7.49."). She intended to obtain a T-shirt that Defendants were selling for $7.49, for example, and she obtained that T-shirt in exchange for $7.49. Plaintiff appears to believe that she was entitled to pay *less* for each product than that product's actual value, and because she paid an amount *equal to* each product's actual value, Defendants somehow realized an "ill-gotten benefit." But when someone pays $7.49 for a product worth $7.49, no one is unjustly enriched.

13

Nothing in the Complaint supports a finding that it would be inequitable for Defendants to retain the money Plaintiff paid for the products she purchased.  Thus, Plaintiff fails to state an unjust enrichment claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. 54, is **GRANTED** and the Amended Complaint is **DISMISSED**.  A separate order of dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Joint Memorandum Requesting Discovery Conference, Doc. 71, is **DENIED as moot**.

Dated this 23rd day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

14